```
------------------------------------------------X
                                                :
ROBERT W. CABELL,                               :
                     Plaintiff                  :
                                                :
-against-                                       :
                                                :    Case No. 09-cv-10134 (CM)
                                                :
MARK ZIMMERMAN, President,                      :
ACTORS' EQUITY ASSOCIATION,                     :
                     Defendant.                 :
                                                :
------------------------------------------------X
```

# MEMORANDUM OF LAW IN OPPOSITION
# TO DEFENDANTS' MOTION TO DISMISS THE COMPLAINT

THEODORE D. WEIS, ESQ.
Attorney for Plaintiff Robert W. Cabell
165 West End Avenue, Suite #23B
New York, New York  10023
Tel.  917-693-9362
Fax  212-769-3141

# TABLE OF CONTENTS

                                                            **Page**

ARGUMENT..............................................................................................1

**POINT I**

PLAINTIFF'S COPYRIGHT INFRINGEMENT CLAIM IS VALID
BECAUSE PLAINTIFF VALIDLY REGISTERED HIS COPYRIGHT
IN THE SUBJECT MATTER AND ACTORS EQUITY ACTED
IMPROPERLY AND IN SUCH A MANNER AS TO MATERIALLY
INTERFERE WITH PLAINTIFF'S EXCLUSIVE RIGHTS IN
SUCH COPYRIGHT......................................................................................1

    A. <u>Plaintiff Has A Valid Copyright Registration in "Pretty Faces"</u>.....................1

    B. <u>Actors Equity Interfered With Plaintiff's Exclusive Rights in
       the Copyrighted Work</u>.............................................................................1
    C. <u>Plaintiff May Bring an Action for Copyright Infringement
       Regardless of Whether Defendant Copied His Work</u>.................................1

**POINT II**

PLAINTIFF'S TORT CLAIMS SHOULD BE UPHELD
NOTWITHSTANDING *MARTIN v. CURRAN* BECAUSE
THE SUBJECT ACTION OF DEFENDANT WAS NOT
AN ACTION APPROPRIATE TO BE RATIFIED
BY ALL MEMBERS.........................................................................................4

**POINT III**

PLAINTIFF'S LIBEL CLAIMS SHOULD BE
UPHELD BECAUSE DEFENDANT'S CONTINUOUS
BEHAVIOR TOLLED THE STATUTE OF LIMITATIONS..............................5

**POINT IV**

PLAINTIFF'S LIBEL CLAIMS SHOULD BE UPHELD BECAUSE
HIS VALID ALLEGATIONS ARE SUFFICIENT AS A MATTER
OF LAW TO ESTABLISH A TORT CLAIM....................................................6

POINT V
PLAINTIFF SEEKS APPROPRIATE RELIEF............................................8

CONCLUSION......................................................................................9

POINT I

PLAINTIFF'S COPYRIGHT INFRINGEMENT CLAIM IS VALID
BECAUSE PLAINTIFF VALIDLY REGISTERED HIS COPYRIGHT
IN THE SUBJECT MATTER AND ACTORS EQUITY ACTED
IMPROPERLY AND IN SUCH A MANNER AS TO MATERIALLY
INTERFERE WITH PLAINTIFF'S EXCLUSIVE
RIGHTS IN SUCH COPYRIGHT

A. Plaintiff Has A Valid Copyright Registration in "Pretty Faces"

Attached as Exhibit A are two (2) Certificates Of Copyright Registration. The first such Certificate is No. PAu000619531 dated January 24, 1984 in and to the dramatic work and Music or Choreography under the previous title "Pageant" naming the plaintiff as the Registrant. The second such Certificate is No. PAu001448995 dated October 25, 1990 in and to the dramatic work and Music or Choreography under the current title "Pretty Faces" also naming the plaintiff as the Registrant.

A valid certificate of copyright registration is a jurisdictional prerequisite to an action for copyright infringement. Kelly v. L.L. Cool J, 145 F.R.D. 32, *affirmed* 23 F.3d 398, *cert. denied* 115 S.Ct 365 (S.D.N.Y. 1992. As Plaintiff has produced the valid certificates of copyright registration described above, Plaintiff alleges and proves that he has registered the copyright of the work, and accordingly may bring a suit for infringement of that work.

B. Actors Equity Interfered With Plaintiff's Exclusive Rights in the Copyrighted Work
C. Plaintiff May Bring an Action for Copyright Infringement Regardless of Whether Defendant Copied His Work.

Actors Equity engaged in conduct which conflicted with one or more of the specific exclusive rights granted to Plaintiff by the Copyright Act; namely, Plaintiff's right to

1

distribute the Pretty Faces Video, and Plaintiff's right to publicly display the Pretty Faces Video. Briarpatch Ltd. L.P. v. Geisler Robardeau, Inc., 194 F. Supp. 2d 246, 256 (S.D.N.Y. 2002) (citing 17 U.S.C. §106 (3), (5)). The Copyright Act states in pertinent part that a copyright owner has the exclusive rights to (and to authorize others to) distribute copies of the copyrighted work to the public, and to publicly display the copyrighted work. 17 U.S.C. §106 (3), (5).

To establish a claim of copyright infringement, the plaintiff must establish (1) ownership of a valid copyright and (2) unauthorized copying *or* violation of one of the other exclusive rights afforded copyright owners under the Copyright Act. Byrne v. British Broadcasting Corp., 132 F. Supp.2d 229 (S.D.N.Y. 2001)(emphasis added). Under *Byrne* and a number of other cases, unauthorized copying by the infringer is not necessary; the standard of infringement is met as long as one of the copyright owner's exclusive rights is violated. Sandoval v. New Line Cinema Corp., 973 F. Supp. 409, 412, *aff'd*, 147 F. 3d 215 (S.D.N.Y. 1997) (citing Twin Peaks Productions v. Publications International Ltd., 996 F.2d 1366, 1372 (2d Cir. 1993).

Plaintiff undertook the proper procedures to upload the Pretty Faces Video to YouTube (Complaint ¶5). Plaintiff's goal, among other things was to have users of YouTube view the Pretty Faces Video for promotional purposes and generate interest in the production embodied on the Video and the underlying work. Such users would have include producers and publishers who may have wished to produce the musical. (Complaint ¶34).

With respect to the issue of infringement Defendants' counsel is adopting and maintaining the conventional copyright infringement defense argument by claiming that Defendant (a) neither copied nor distributed the Pretty Faces Video, and (b) neither adapted nor transformed Plaintiff's validly copyrighted material by Defendant's actions.

The Digital Millenium Copyright Act of 1998 was created specifically to expand and adapt copyright protection for new and evolving forms of multimedia. 17 U.S.C. §1201 et seq. Defendant's act of filing a false and inaccurate claim with YouTube labeling Plaintiff as a copyright infringer (Complaint ¶6) resulted in Planitiff's lawfully-owned work being effectively impounded and withheld from display on a critically important 21st-century multimedia platform. Such act denied Plaintiff all access to his work, and in particular his ability to market and distribute that work on the Internet through YouTube, the largest vendor and provider of multi-media formats in the world.

Plaintiff's counsel is aware that this action may be the first of its kind in this or other jurisdictions, as is evidenced in the e-mail of Defendant's representative to Plaintiff dated September 7, 2007 (Complaint ¶10; Complaint Exhibit B). In that e-mail Defendant asserts that to his or Defendant's collective knowledge, Defendant's "erroneous" blocking of the Pretty Faces Video was the first erroneous instance of its kind out of "100,000s of clips removed from YouTube". Id. The novelty of the circumstances explains in part why there are so few cases to cite.

However, the fact that this may be the first time that Defendant acted in this manner does not excuse its effect of depriving Plaintiff the exclusive rights given by the Copyright Act to distribute his work and to publicly perform his work. The fact that a copyright infringement is inadvertent or unintentional does not relieve the infringer of its liability to the copyright holder. <u>Microsoft Corp. v. Computer Service & Repair, Inc.</u>, 312 F.Supp.2d 779 (E.D.N.C 2004)(citing 17 U.S.C. §501). That this action was caused because Defendant did not follow its own established procedure (if it had procedures at all) prior to incorrectly directing YouTube to block access to the Pretty Faces Video does not make it any less an infringement.

Worse, despite its recognition of its own error as evidenced by the e-mail admission of Defendant's representative, Defendant has continued to refuse to reverse, correct or

3

release its direction to YouTube to deny access to the Pretty Faces Video to Plaintiff and YouTube's users. Defendant has actively and knowingly maintained its notice on the YouTube site that the Pretty Faces Video was "removed for copyright infringement by Actors Equity". Maintenance of such notice has two principal effects: (a) it places an inaccurate, false and libelous stigma on both Plaintiff as author/producer of the work and the production itself; and (b) it makes the initial infringement and resulting libel a continuing one which should be deemed sufficient to toll any applicable statutes of limitations claimed by Defendant.

Defendant's actions demonstrate a willful and reckless disregard for the professional reputation of Plaintiff and severely compromise Plaintiff's ability to earn a living. Further, Plaintiff's actions undoubtedly bring into question its internal controls, the care it takes in dealing with such matters and the frightening possibility that it may continue to commit similar careless and injurious acts on other authors, composers and producers if left unchecked. For all of the above reasons, Plaintiff's claim of copyright infringement should not be dismissed and should be adjudged by the Court

POINT II

PLAINTIFF'S TORT CLAIMS SHOULD BE UPHELD
NOTWITHSTANDING *MARTIN v. CURRAN* BECAUSE
THE SUBJECT ACTION OF DEFENDANT WAS NOT
AN ACTION APPROPRIATE TO BE RATIFIED BY ALL MEMBERS

Defendant claims that the actions of the staff of Actors Equity in committing the acts upon Plaintiff's copyrighted work fall under the doctrine of Martin v. Curran, and that as a result all of Plaintiff's tort claims should be dismissed. Defendant's claim is taken out of context and invalid.

All union officers, once elected or hired, are bestowed with a wide range of powers granted by such union's charter, bylaws or collective agreement. Ratification of

4

the acts of such officers by union members is called for only upon specific issues raised

by the members themselves or issues that union administrators present to the members to vote on and/or ratify.

Plaintiff has been unable to discover or ascertain how the decision was made by Defendant to authorize the unwarranted notice to YouTube blocking access of the Pretty Faces Video. In any event, by the admission of Defendant's representative (Complaint, ¶10, Exh. B) Defendant has been involved in or otherwise witnessed the removal of hundreds of thousands of clips from YouTube. It is ridiculous to assume that all members of Defendant must ratify each and every blockage Defendant directs YouTube to make. The act must certainly be handled by at most a handful of administrative staff of Defendant whose sole task it is to take complaints from members of Defendant of potentially infringing material and block access thereto to the users of YouTube and other similar websites. The act is evidently administrative and a daily task of the staff. It is not capable of being ratified by all members and must fall outside the boundaries of Martin v. Curran.

### POINT III

### PLAINTIFF'S LIBEL CLAIMS SHOULD BE UPHELD BECAUSE DEFENDANT'S CONTINUOUS BEHAVIOR TOLLED THE STATUTE OF LIMITATIONS

As stated above (Point I, p. 3-4), Defendant has refused to retract its direction to YouTube to remove the block on the Pretty Faces Video, despite the admission of Defendant's representative that the block was an error and Plaintiff's attempts to have Defendant remove the block. As such, Defendant's act is a continuing act which should serve to toll the New York statute of limitations.

# POINT IV

## PLAINTIFF'S LIBEL CLAIMS SHOULD BE UPHELD BECAUSE HIS VALID ALLEGATIONS ARE SUFFICIENT AS A MATTER OF LAW TO ESTABLISH A TORT CLAIM

### A. Plaintiff Successfully States A Libel Claim

Defendant in its motion to dismiss the complaint has incorrectly identified the statement Plaintiff alleges as libelous. It is not the statement made in the e-mail from YouTube to Plaintiff. (Motion to Dismiss, Point IV, A. p.13). It is also not the notification to YouTube itself (Motion to Dismiss, Point IV, p.14). It is the actual notice Defendant directed YouTube to post on the webpage for the Pretty Faces Video, effectively identifying Plaintiff by his user ID and/or screen name and effectively labeling Plaintiff a copyright infringer. (Complaint, ¶7)

The elements of a prima facie case of defamation are a defamatory statement of fact regarding the plaintiff, publication to a third party by the defendant, falsity, some degree of fault and injury to plaintiff. Eckhaus v. Alfa-Lavel, Inc., 764 F.Supp. 34 (S.D.N.Y. 1991). The fault only needs to rise to the level of negligence on the part of the publisher. Angio-Medical Corp. v. Eli Lilly & Co., 720 F. Supp. 269 (S.D.N.Y. 1989).

Defendant was not a party to Plaintiff's relationship to YouTube and accordingly had no reason to become involved in such relationship. Defendant did not identify the "unnamed third party" whose copyright was allegedly infringed by virtue of Plaintiff's uploading of the Pretty Faces Video to YouTube. Critically, Defendant by its own admission did not do its proper due diligence in ascertaining the identity of the lawful copyright holder of the Pretty Faces Video, and was thereby negligent. Even after Plaintiff (the lawful copyright holder of the subject work) brought this action against Defendant, Defendant gives no justification, reason or excuse in its motion to dismiss the

6

complaint for its actions in wrongfully notifying YouTube to block access to the Pretty Faces Video, and does not disclose the identity of the "unnamed third party".

Case 1:09-cv-10134-CM   Document 11   Filed 02/24/2010   Page 10 of 16

It logically follows that Defendant had no reason to incorrectly notify YouTube, Inc. that the Pretty Faces Video contained material which infringed the copyright of an unnamed third party, and was at fault due to its own negligence. (Complaint ¶6) Defendant's notice had the ultimate effect of publicly and falsely accusing Plaintiff of copyright infringement, thereby labeling Plaintiff, the uploader as a copyright infringer. Further, the notice is not a statement of opinion but rather, a statement of fact.

Thus Defendant has made a false statement of fact that exposed Plaintiff to contempt (as an alleged thief of the intellectual property of another), disgrace and ridicule, thereby satisfying the threshold elements of libel set forth in Town of Massena v. Healthcare Underwriters Insurance Co., 98 N.Y.2d 435 (2002) cited by Defendant. A claim of copyright infringement may be viewed as a statement of fact rather than opinion and a proper subject for an action in libel. Scholastic, Inc. v. Stouffer, 124 F.Supp.2d 836, 850 (S.D.N.Y. 2002). As for the additional condition that Plaintiff is not a public figure, Defendant demonstrates common-law malice and/or ill will in its steadfast refusal to take proper steps to have YouTube remove the copyright infringement notice from the YouTube webpage after realizing its mistake and after repeated attempts by Plaintiff to have Defendant do so.

Plaintiff is necessarily identified on YouTube as the uploader by his screen name or user ID. While Plaintiff may not be a public figure he is known in the professional circles in which he travels. The dramatic/musical theatre world knows of Plaintiff and it was common knowledge that the Pretty Faces Video was being posted on YouTube for promotional and other purposes together with the other videos named in the Complaint. (Complaint, ¶34) Defendant claims that Plaintiff makes "an unsupported leap" in claiming that Defendant's statement *about a video* exposed Plaintiff to public contempt.

7

The uploader is assumed by all users, as well as by YouTube itself, as solely responsible for the content of the video. If Defendant claims that the Pretty Faces Video contained infringing material it is by definition (as well as implicitly) identifying and naming Plaintiff as a copyright infringer. The pleading by Plaintiff in the Complaint sufficiently identifies the subject communication.' (Complaint, ¶7). Finally, the alleged communication is a plainly printed written notice on a website.

Plaintiff's then-present and future business was injured as a result of both the YouTube "block" and the "copyright infringement" label, displayed publicly on a worldwide internet site. For all of the above reasons Plaintiff has a valid claim of libel as against Defendant.

POINT V

PLAINTIFF SEEKS APPROPRIATE RELIEF

Reference is made to Defendant's Point V claiming that Plaintiff is seeking remedies against YouTube. Plaintiff redirects its demand in Paragraph 1(a) of the Complaint to (a) cause Defendant to retract its notices to YouTube which originally gave rise to and continue to cause the "Rejected for Copyright Infringement" and "Removed by Actors Equity for Copyright infringement" labels and/or notices from all applicable pages on YouTube directly or indirectly referencing the Pretty Faces Video, the Zanna Don't Video and the Sanitation Chronicles Video (collectively, the "Videos"), (b) cause Defendant to direct YouTube to remove all blocks of the Videos, and (c) cause Defendant to direct YouTube to post a conspicuously-placed notice from YouTube and Defendant expressly disclosing YouTube's and Defendant's apology to Plaintiff for the content of the notices described in (a) above and the actions which are the subject of this action.

8

As stated above, Plaintiff reiterates its claims of copyright infringement and libel as against Defendant, as well as its other claims made in the Complaint as against Defendant.

## CONCLUSION

For the foregoing reasons, the Complaint should not be dismissed, and should be adjudicated in its entirety.

Dated: New York, New York
February 24, 2010

THEODORE D. WEIS, ESQ.
Attorney for Plaintiff
165 West End Avenue, Suite #23B
New York, New York 10023
(917) 693-9362

By: _____
Theodore D. Weis (TW 6382)

9

# CERTIFICATE OF COPYRIGHT REGISTRATION



This certificate, issued under the seal of the Copyright Office in accordance with the provisions of section 410(a) of title 17, United States Code, attests that copyright registration has been made for the work identified below. The information in this certificate has been made a part of the Copyright Office records.

REGISTER OF COPYRIGHTS
United States of America

OFFICIAL SEAL

## FORM PA
UNITED STATES COPYRIGHT OFFICE

REGISTRATION NUMBER

**PAu 1-448-995**

EFFECTIVE DATE OF REGISTRATION

**OCT 25 1990**

---

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**1** TITLE OF THIS WORK ▼
PRETTY FACES

PREVIOUS OR ALTERNATIVE TITLES ▼
PAGEANT (PLEASURE BY THE POUND)

NATURE OF THIS WORK ▼ See Instructions

**2** NAME OF AUTHOR ▼
a  ROBERT W CABELL

DATES OF BIRTH AND DEATH
Year Born ▼ 7/5/55   Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☒ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶ USA
     { Domiciled in ▶

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous?    ☐ Yes ☒ No
Pseudonymous? ☐ Yes ☒ No

NATURE OF AUTHORSHIP Briefly describe nature of the material created by this author in which copyright is claimed. ▼
BOOK MUSIC & LYRICS FOR MUSICAL COMEDY

NAME OF AUTHOR ▼
b

DATES OF BIRTH AND DEATH
Year Born ▼   Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of country
OR { Citizen of ▶
     { Domiciled in ▶

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous?    ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No

NATURE OF AUTHORSHIP Briefly describe nature of the material created by this author in which copyright is claimed. ▼

NAME OF AUTHOR ▼
c

DATES OF BIRTH AND DEATH
Year Born ▼   Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶
     { Domiciled in ▶

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous?    ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No

NATURE OF AUTHORSHIP Briefly describe nature of the material created by this author in which copyright is claimed. ▼

**3** YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED
1990 ◀ Year

DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK
Month ▶   Day ▶   Year ▶
◀ Nation

**4** COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2. ▼
ROBERT W CABELL
216 W 102nd #4-D
NEW YORK NY 10025

APPLICATION RECEIVED
OCT. 25. 1990
ONE DEPOSIT RECEIVED
OCT. 25. 1990
TWO DEPOSITS RECEIVED

REMITTANCE NUMBER AND DATE

TRANSFER If the claimant(s) named here in space 4 are different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

MORE ON BACK ▶ • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
• See detailed instructions.   • Sign the form at line 8.

DO NOT WRITE HERE

EXAMINED BY ap
CHECKED BY

FORM PA

☐ CORRESPONDENCE Yes

☐ DEPOSIT ACCOUNT FUNDS USED

FOR COPYRIGHT OFFICE USE ONLY

**PAu 1-448-995**

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

**5 PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?
☒ Yes  ☐ No  If your answer is "Yes," why is another registration being sought? (Check appropriate box) ▼
☐ This is the first published edition of a work previously registered in unpublished form.
☐ This is the first application submitted by this author as copyright claimant.
☒ This is a changed version of the work, as shown by space 6 on this application.
If your answer is "Yes," give: Previous Registration Number ▼ PAu 566-414 & PAu 619-531   Year of Registration ▼ 1983 & 1984

**6 DERIVATIVE WORK OR COMPILATION** Complete both space 6a & 6b for a derivative work; complete only 6b for a compilation.
a. Preexisting Material  Identify any preexisting work or works that this work is based on or incorporates. ▼
Previous Script & Score of PAGEANT (PLEASURE BY THE POUND) has been re-written & new musical numbers (music & lyrics) have been added.

b. Material Added to This Work  Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼
New Book (Script) & several new musical numbers songs/music & lyrics

**7 DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.
Name ▼    Account Number ▼

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent. Name/Address/Apt/City/State/Zip ▼
Robert W Cabell
216 W 102nd St #4D
New York, NY 10025

Area Code & Telephone Number ▶ (212) 586-1470

**8 CERTIFICATION*** I, the undersigned, hereby certify that I am the
Check only one ▼
☒ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☐ authorized agent of   Robert W Cabell
Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

Typed or printed name and date ▼ If this is a published work, this date must be the same as or later than the date of publication given in space 3.
Robert W Cabell                                 date ▶ 10/23/90

Handwritten signature (X) ▼

**9 MAIL CERTIFICATE TO**
Name ▼ Robert W Cabell
Number/Street/Apartment Number ▼ 216 W 102nd Street #4-D
City/State/ZIP ▼ New York, NY 10025

Certificate will be mailed in window envelope

Have you:
• Completed all necessary spaces?
• Signed your application in space 8?
• Enclosed check or money order for $10 payable to Register of Copyrights?
• Enclosed your deposit material with the application and fee?
MAIL TO: Register of Copyrights, Library of Congress, Washington, D.C. 20559.

*17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

U.S. GOVERNMENT PRINTING OFFICE: 1983—381-278/505



FORM PA

EXAMINED BY _____

CHECKED BY _____

☐ CORRESPONDENCE
☑ Yes

☐ DEPOSIT ACCOUNT FUNDS USED

FOR COPYRIGHT OFFICE USE ONLY

PAu 619-531

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

**5** PREVIOUS REGISTRATION Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?
☑ Yes ☐ No  If your answer is "Yes," why is another registration being sought? (Check appropriate box) ▼
☐ This is the first published edition of a work previously registered in unpublished form.
☐ This is the first application submitted by this author as copyright claimant.
☐ This is a changed version of the work, as shown by space 6 on this application.
If your answer is "Yes," give: Previous Registration Number ▼  Year of Registration ▼ 1984

**6** DERIVATIVE WORK OR COMPILATION  Complete both space 6a & 6c for a derivative work; complete only 6b for a compilation.
a. Preexisting Material  Identify any preexisting work or works that this work is based on or incorporates. ▼

b. Material Added to This Work  Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼
new material added as revised version, with additional text and songs

**7** DEPOSIT ACCOUNT  If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.
Name ▼     Account Number ▼

CORRESPONDENCE  Give name and address to which correspondence about this application should be sent.  Name/Address/Apt/City/State/Zip ▼
Robert W Cabell
2350 Broadway #533
New York, NY 10024
Area Code & Telephone Number ▶ (212) 362-2730

**8** CERTIFICATION*  I, the undersigned, hereby certify that I am the
Check only one ▼
☑ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☐ authorized agent of _____ Robert W Cabell
   Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

Typed or printed name and date ▼ If this is a published work, this date must be the same as or later than the date of publication given in space 3.
Robert W Cabell          date ▶ 5/1/84

Handwritten signature (X) ▼  Robert W Cabell

**9** MAIL CERTIFICATE TO
Name ▼ Robert W Cabell
Number/Street/Apartment Number ▼ 2350 Broadway #533
City/State/ZIP ▼ New York, NY 10024

Have you:
• Completed all necessary spaces?
• Signed your application in space 8?
• Enclosed check or money order for $10 payable to Register of Copyrights?
• Enclosed your deposit material with the application and fee?

MAIL TO: Register of Copyrights, Library of Congress, Washington, D.C. 20559

* 17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.