UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | | |
|---|---|---|
| ROBERT W. CABELL, | : | |
| | : | |
| Plaintiff, | : | Case No. 09-cv-10134 (CM) |
| | : | |
| - against - | : | |
| | : | |
| MARK ZIMMERMAN, President, | : | |
| ACTORS' EQUITY ASSOCIATION, | : | |
| | : | |
| Defendant. | : | |

---

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE COMPLAINT

SPIVAK LIPTON LLP
*Attorneys for Defendant*
*Mark Zimmerman, President*
*Actors' Equity Association*
1700 Broadway, 21st Floor
New York, NY 10019
Tel:    212-765-2100
Fax:    212-541-8954

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................1

ARGUMENT...........................................................................................................................1

    I.      PLAINTIFF'S COPYRIGHT INFRINGEMENT CLAIM FAILS........................1

    II.     PLAINTIFF'S TORT CLAIMS FAIL UNDER THE DOCTRINE OF *MARTIN v. CURRAN* ..........................................................................................4

    III.    PLAINTIFF'S LIBEL CLAIM FAILS ...............................................................5

CONCLUSION .......................................................................................................................7

## TABLE OF AUTHORITIES

**Cases**                                                                                      **Page**

Building Indus. Fund v. Local Union No. 3, IBEW,
    992 F. Supp. 192 (E.D.N.Y. 1996) ...................................................................................4

Byrne v. British Broad. Corp.,
    132 F. Supp.2d 229 (S.D.N.Y. 2001) ...........................................................................3

Cabell v. Actor's Equity Assoc.,
    Civil Court of the City of N.Y., County of N.Y., Index No. 16520/09 ...................4-5

Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.,
    499 U.S. 340, 111 S. Ct. 1282 (1991) ........................................................................2, 4

Hoesten v. Best,
34 A.D.3d 143, 821 N.Y.S.2d 40 (1st Dep't 2006) ...........................................................5

Microsoft Corp. v. Computer Serv. & Repair, Inc.,
    312 F. Supp.2d 779 (E.D.N.C. 2004) ...........................................................................3

Martin v. Curran,
    303 N.Y. 276 (1951)...................................................................................................4, 5

R.M. Perlman Inc. v. Local 82-22-1, ILGWU,
    789 F. Supp. 127 (S.D.N.Y. 1992) ..............................................................................4

Sandoval v. New Line Cinema Corp.,
    973 F. Supp. 409 (S.D.N.Y. 1997),
    aff'd, 147 F.3d 215 (2d Cir. 1998) ...............................................................................3

Sony Corp. v. Universal City Studios, Inc.,
    464 U.S. 417, 104 S. Ct. 774 (1984) ............................................................................2

Twin Peaks Prods. v. Publ'ns Int'l Ltd.,
    996 F.2d 1366 (2d Cir. 1993) .......................................................................................3

Universal City Studios, Inc. v. Corely,
    273 F.3d 429 (2d Cir. 2001) .........................................................................................3

**Statutes**

Copyright Act of 1976, as amended
    17 U.S.C. § 106 ............................................................................................2, 2 n.2
    17. U.S.C. § 501 ..........................................................................................................3

Digital Millennium Copyright Act of 1998
    17 U.S.C. § 1201 .........................................................................................................3

N.Y. Civil Practice Law & Rules
    § 215(3)........................................................................................................................6

<u>PRELIMINARY STATEMENT</u>

Actors' Equity Association submits this memorandum of law in reply to Plaintiff's

opposition to Defendant's[1] motion to dismiss and in further support of Actors' Equity's motion

to dismiss the Complaint in its entirety.

<u>ARGUMENT</u>

I.    PLAINTIFF'S COPYRIGHT INFRINGEMENT CLAIM FAILS

As demonstrated in the Memorandum of Law in Support of Defendant['s] Motion to

Dismiss the Complaint ("Def.'s Moving Mem."), Plaintiff cannot maintain a copyright

infringement claim in the absence of registration or preregistration of the work with the United

States Copyright Office.  (<u>See</u> Def.'s Moving Mem. at 3-5).  While Plaintiff's Complaint fails to

allege that Plaintiff registered his copyright in the musical "Pretty Faces," he now appends

documents to his opposition Brief that purport to show that he did register the work.  Assuming

*arguendo* that these documents establish that Plaintiff registered the copyright in "Pretty Faces,"

Plaintiff should not be permitted to amend his Complaint to so allege, since his copyright

infringement claim fails for other reasons and any amendment would be futile.

---

[1] Defendant shall be referred to herein as "AEA" or "Actors' Equity." As noted in a previous submission to the Court, it appears that we erroneously understood Plaintiff's Complaint to be against <u>both</u> Mark Zimmerman, as President of Actors' Equity <u>and</u> Actors' Equity. Hence, the moving papers were filed on behalf of "Defendants." Although some of Plaintiff's papers are unclear, it appears that the Complaint was intended only to name Mark Zimmerman (incorrectly named in the Summons as Robert Zimmerman), as President of Actors' Equity. As also previously noted, such a difference in no way changes the legal analysis in any part of the motion to dismiss. In any event, Plaintiff's responsive papers fail to address the incorrect naming of Zimmerman, who is the *former* President of Actors' Equity. (<u>See</u> Decl. of Gillian Costello, dated Jan. 7, 2010, ¶ 2.) The Complaint should be dismissed on this ground.

Plaintiff argues that his claim for copyright infringement does not require copying or use of Plaintiff's copyrighted work. (Memo. of Law in Opp'n to Defs.' Motion to Dismiss the Compl. ("Pl.'s Mem.") at 2.) He instead urges an extremely broad definition of "infringement" of copyright. (Id. at 2-3.) The standard, however, is clearly established: "[t]o establish [copyright] infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) *copying* of constituent elements of the work that are original." Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc., 499 U.S. 340, 361, 111 S. Ct. 1282, 1296 (1991) (emphasis added). Thus, "[a]nyone who violates one of the exclusive rights of the copyright owner, that is, anyone who trespasses into his exclusive domain *by using or authorizing the use of the copyrighted work in one of the five ways set forth in the statute is an infringer of the copyright.*" Sony Corp. v. Universal City Studios, Inc., 464 U.S. 417, 433, 104 S. Ct. 774, 784 (1984) (internal quotation marks and citations omitted) (emphasis added).

Thus, contrary to Plaintiff's assertion, it is clear that a claim of copyright infringement requires the plaintiff to establish unauthorized copying or use in one of the ways set forth in 17 U.S.C. Section 106.[2] Plaintiff invokes his alleged exclusive rights under the statute to "distribute copies of the copyrighted work to the public" and "to publicly display the copyrighted work" (Pl.'s Mem. at 2 (citing 17 U.S.C. § 106(3), (5))), but, critically, he fails to plead any facts that Actors' Equity "distribute[d] copies" of his work to the public or "display[ed] the copyrighted work publicly." See 17 U.S.C. § 106. In each of the cases cited by Plaintiff (see Pl.'s Mem. at

---

[2] 17 U.S.C. § 106 provides that the "owner of copyright under this title has the exclusive rights to do and to authorize any of the following: (1) to reproduce the copyrighted work . . . (2) to prepare derivative works . . . (3) to distribute copies or phonorecords of the copyrighted work to the public . . . (4) . . . to perform the copyrighted work publicly; (5) . . . to display the copyrighted work publicly; and (6) in the case of sound recordings, to perform the copyrighted work publicly by means of a digital audio transmission."

2), the defendant was alleged to have copied or used a copyrighted work without authorization. See, e.g., Byrne v. British Broad. Corp., 132 F. Supp.2d 229, 232-33 (S.D.N.Y. 2001) (defendant television station filmed and broadcast plaintiff's song without authorization); Sandoval v. New Line Cinema Corp., 973 F. Supp. 409, 410-12 (S.D.N.Y. 1997) (defendants allegedly used plaintiff's photographs in motion picture without permission), aff'd, 147 F.3d 215 (2d Cir. 1998); Twin Peaks Prods. v. Publ'n Int'l Ltd., 996 F.2d 1366, 1372 (2d Cir. 1993) (defendant author allegedly published without authorization a book containing a detailed summary of plaintiff's film).

In urging an expansive definition of copyright infringement, Plaintiff cites to 17 U.S.C. § 1201 and states that the Digital Millennium Copyright Act of 1998 ("DCMA") "was created specifically to expand and adapt copyright protection for new and evolving forms of multimedia." (See Pl.'s Mem. at 3). He fails to demonstrate, however, how Section 1201 of the DCMA, which deals with the circumvention of technological protections, supports his copyright infringement claim here. See Universal City Studios, Inc. v. Corely, 273 F.3d 429, 440 (2d Cir. 2001).

Plaintiff's citation to Microsoft Corp. v. Computer Serv. & Repair, Inc., 312 F. Supp.2d 779 (E.D.N.C. 2004), for the proposition that "[t]he fact that a copyright infringement is inadvertent or unintentional does not relieve the infringer of its liability to the copyright holder" (Pl.'s Mem. at 3), is similarly unavailing. While the court in that case did note that "[i]ntention to infringe is not essential under the Act," Microsoft Corp., 312 F. Supp.2d at 784 (citing, inter alia, 17 U.S.C. § 501), its analysis began by reciting the copyright infringement standard

3

articulated by the Supreme Court in Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 111
S. Ct. 1282.  As noted above that is the standard relied upon by AEA in support of the motion to
dismiss.  (Def.'s Moving Mem. at 7-8.)

Plaintiff's copyright infringement claim fails as a matter of law and should be dismissed.
(See also Def.'s Moving Mem. at 5-9.)

II.     PLAINTIFF'S TORT CLAIMS FAIL UNDER THE DOCTRINE OF *MARTIN v.
        CURRAN*

Plaintiff claims that the doctrine of Martin v. Curran, 303 N.Y. 276 (1951) should not
apply to this case.  (Pl.'s Mem. at 4-5.)  But Plaintiff's argument amounts to nothing more than
an expression of frustration with the difficult pleading standards established under Martin v.
Curran.  (See Pl.'s Mem. at 4-5.)  Numerous courts have noted that high pleading threshold.  See,
e.g., Building Indus. Fund v. Local Union No. 3, IBEW, 992 F. Supp. 192, 195 (E.D.N.Y. 1996)
(stating that Martin presents "a nearly impossible burden to meet").  However, it has also been
noted that "Martin has been followed and applied by the New York courts in a variety of
contexts since the rule was announced in 1951 up to the present."  R.M. Perlman Inc. v. Local
82-22-1, ILGWU, 789 F. Supp. 127, 132 (S.D.N.Y. 1992) (and cases cited therein).  (See also
cases cited in Def.'s Moving Mem. at 9-12.)

The case law is clear that "a party cannot 'recover against a labor union for tortious acts
committed by one of its members absent a demonstration that such acts were authorized or
ratified by all of the union's members.'"  (Cabell v. Actor's Equity Ass'n, Index No. 16520/09

4

(quoting <u>Hoesten v. Best</u>, 34 A.D.3d 143, 821 N.Y.S.2d 40 (1st Dep't 2006) (dismissing tort claims brought by Plaintiff against Actors' Equity) (full decision appended to Pl.'s Compl. as Exh. C)). <u>Martin</u> "remains the law of New York . . . any argument that these stringent pleading and eviden[tiary] requirements for maintaining an action against an unincorporated association . . . should be relaxed is more appropriately directed to the Legislature." <u>Hoesten v. Best</u>, 34 A.D.3d at 159-60, 821 N.Y.S.2d at 52-53 (internal quotation marks and citations omitted).

Plaintiff does not and cannot allege that all of Actors' Equity's members authorized or ratified any tortious conduct on behalf of Actor's Equity, and he offers no basis for disregarding the long-established doctrine of <u>Martin v. Curran</u> in this case. Plaintiff's tort claims should therefore be dismissed. (<u>See also</u> Def.'s Moving Mem. at 9-11.)

III.    PLAINTIFF'S LIBEL CLAIM FAILS

Plaintiff claims (albeit incorrectly) that, with regard to his libel claim, "Defendant has refused to retract its direction to YouTube to remove the block on the Pretty Faces Video" (Pl.'s Mem. at 5), which, he claims, "is a continuing act which should serve to toll the New York statute of limitations" (<u>id.</u>).[3]

Plaintiff states that the "statement Plaintiff alleges as libelous . . . is the actual notice Defendant directed YouTube to post on the webpage for the Pretty Faces Video." (Pl.'s Mem. at

---

[3] Plaintiff incorrectly states that "Defendant has refused to retract its direction to YouTube to remove the block on the Pretty Faces Video." (Pl.'s Mem. at 5.) Plaintiff fails to allege what, if any, steps he undertook to re-post the video. Instead, he appends to his Complaint an e-mail to YouTube in which, rather than requesting reinstatement of the videos, he declares himself "deeply disturbed and angered," rants against Actors' Equity and YouTube, and concludes that he is "[v]ery disgruntled and ready for litigation!" (Compl. Exh. B; <u>see also</u> Compl. ¶ 9.)

6 (citing Compl. ¶ 7).) As a threshold matter, Plaintiff fails to allege what "notice" Defendant allegedly "directed YouTube to post." (Id.) The Complaint, at paragraph 7 (and elsewhere), does not claim that Defendant directed YouTube to post a notice. Rather, paragraph 7 states: "[a]s a result of the notification described in paragraph 6 above, YouTube, Inc. removed and/or disabled access by users of YouTube to the Pretty Faces Video." (Compl. ¶ 7.) Paragraph 6 in turn states: "Defendant notified YouTube, Inc. . . . that the Pretty Faces Video contained material which infringed the copyright of an unnamed third party." (Id. ¶ 6.) There is no mention in the Complaint of Defendant directing YouTube to post anything on the webpage. Actors' Equity is again left to guess as to what the allegedly libelous statement was. Nevertheless, as Plaintiff alleges that some "direction" of a "notice" forms the basis for his libel claim (see Pl.'s Mem. at 6), the claim should be dismissed. (See also Def.'s Moving Mem. at 13-15.)

Second, by Plaintiff's account, the alleged notification discussed above occurred in or around September 2007 (see Compl. ¶ 7; see also id. ¶¶ 6, 8, 9, 18, 19, 21)), well over one year before the December 11, 2009 filing of the instant action. The claim is therefore time-barred under CPLR § 215(3), which provides for a one-year statute of limitations for libel claims.

Plaintiff presents no authority for the proposition that the alleged failure to retract an allegedly libelous statement tolls the statute of limitations. If Plaintiff's argument held, the statute of limitations would never apply as long as an allegedly libelous statement remained in print. Plaintiff's libel claim is untimely and should be dismissed. (See Def.'s Moving Mem. at 12-13.) The same is true of Plaintiff's tortious interference and lost business opportunity claims. (See id.)

6

<u>CONCLUSION</u>

For the foregoing reasons and those set forth in Defendant's moving papers, Actors'

Equity respectfully requests that the Court grant its motion to dismiss the Complaint in its

entirety.

Dated: March 3, 2010

                                         SPIVAK LIPTON LLP
                                         1700 Broadway – Suite 2100
                                         New York, New York 10019
                                         Phone:      212 765-2100
                                         Facsimile:   212 541-5429
                                         Email: gcostello@spivaklipton.com

                                         By: _____
                                             Gillian Costello (GC 0151)

7